NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7114

JOHN L. GUILLORY,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 4, 2005

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

John L. Guillory appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans Appeals ("Board") finding no clear and unmistakable error ("CUE") in an October 1966 regional office ("RO") rating decision awarding him a 10-percent rating for a skull injury.  <u>Guillory v. Principi</u>, No. 03-678 (Vet. App. Jan. 4, 2005) ("<u>Final Decision</u>").  Because Mr. Guillory's arguments on appeal regarding his CUE claim rely solely on

interpretation of his medical records, an issue of fact, we lack jurisdiction. The appeal is therefore <u>dismissed</u>.

DISCUSSION

I.

The relevant facts are not in dispute. Mr. Guillory served on active duty in the U.S. Army from June 1964 to October 1966. <u>Final Decision</u>, slip op. at 2. In May 1966, he received multiple injuries from a gunshot wound to the head while serving in Vietnam. <u>Id.</u> After his discharge, the RO issued a decision in which it awarded Mr. Guillory service connection for multiple disabilities including, effective October 27, 1966, a 10-percent disability rating for a skull injury under 35 U.S.C. § 4.71a, Diagnostic Code 5296 (1966). <u>Id.</u>

In June 1991, Mr. Guillory requested an increased evaluation for special monthly compensation based on the need for regular aid and attendance. <u>Id.</u> In a letter dated March 30, 1992, the Department of Veterans Affairs granted Mr. Guillory an increased award for special monthly compensation, effective May 1992, based on a determination that Mr. Guillory had a service-connected seizure disorder ratable at 100 percent. <u>Id.</u> Mr. Guillory was also informed that he was entitled to special monthly compensation because of the severity of his service-connected disabilities, including the need for aid and attendance. <u>Id.</u>

In October of 1997, Mr. Guillory requested review of his file to determine whether he was being paid the appropriate rate. <u>Id.</u> Mr. Guillory sought retroactive pay for aid and attendance, asserting that he had required aid and attendance since 1966 and that he had otherwise been underpaid for his disabilities since that time. In October 2001,

the RO determined that Mr. Guillory was not entitled to an earlier effective date for special monthly compensation based upon a need for regular aid and attendance. Mr. Guillory appealed this decision to the Board.

Before the Board, Mr. Guillory alleged, among other things, CUE in the action of the RO following his discharge, assigning a 10-percent rating for skull loss under Diagnostic Code 5296. Mr. Guillory asserted that the evidence in his claims file showed that, at the time of the October 1966 RO decision, in addition to skull loss, he also suffered from brain hernia, which corresponds to the criteria for an 80-percent disability rating under Diagnostic Code 5296. On April 22, 2003, the Board found that there was no evidence of CUE in the RO's assignment of a 10-percent rating for skull loss because the evidence of record did not meet the criteria for a higher rating under Diagnostic Code 5296. After the Veterans Court affirmed the decision of the Board, Mr. Guillory appealed to this court.

II.

We have jurisdiction to review a decision of the Veterans Court to determine if its interpretation of a statute or regulation was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) contrary to constitutional right, power, privilege, or immunity; 3) outside the Veterans Court's jurisdiction or a violation of statutory right; or 4) not in accordance with the required procedure. Maxson v. Gober, 230 F.3d 1330, 1332 (Fed. Cir. 2000). We do not have jurisdiction to review a decision of the Veterans Court as to (1) a challenge to a factual determination; or (2) a challenge to a law or regulation as applied to the facts of a specific case. Id.; 38 U.S.C. § 7292(d)(2).

05-7114                                         3

On appeal, Mr. Guillory argues that he is entitled to compensation under 38 C.F.R. § 4.71a (1967). According to Mr. Guillory, the evidence in his claims file shows that, at the time of the October 1996 RO decision, he had skull loss with brain hernia, which corresponds to the criteria for an 80-percent disability rating under Diagnostic Code 5296 of section 4.71a. Mr. Guillory argues that if his medical records had been analyzed correctly, the Board and the Veterans Court would have come to a different conclusion in this case. Mr. Guillory does not challenge the validity or interpretation of the laws governing CUE, or any other laws relied upon by the Veterans Court in denying his claim of CUE. Moreover, Mr. Guillory does not argue that procedures and regulations were not properly followed. Mr. Guillory's appeal raises purely factual issues. Accordingly, it is beyond the scope of our jurisdiction. See Helfer v. West, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999).

For the foregoing reasons, Mr. Guillory's appeal is dismissed for lack of jurisdiction.