﻿Citation Nr: AXXXXXXXX
Decision Date: 12/18/18 Archive Date: 12/18/18

DOCKET NO. 181024-754
DATE: December 18, 2018
ORDER
Entitlement to service connection for a skin disorder, to include eczema and epidermal inclusion cysts, is denied.
FINDINGS OF FACT
1. The Veteran served in the Korean Demilitarized Zone and exposure to an herbicide agent is presumed.
2. The preponderance of the evidence shows that the Veteran’s eczema and epidermal inclusion cysts were not present in service or until many years thereafter and are not related to service, to include exposure to herbicide agents.
CONCLUSION OF LAW
The criteria for entitlement to service connection for a skin condition, to include eczema and epidermal inclusion cysts have not been met. 38 U.S.C. §§ 1110, 1116, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156, 3.303, 3.307, 3.309.
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.
The Veteran served in the United States Army between May 1968 and February 1970, including service in Korea. He was honorably discharged. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the April 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).
SERVICE CONNECTION
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or “nexus” between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).
Regulations also provide for presumptive service connection for certain diseases associated with exposure during service to herbicides. See 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307, 3.309. For purposes of establishing service connection for a disability claimed to be a result of herbicide exposure, VA laws and regulations provide that a veteran who, during active military, naval, or air service, served between April 1, 1968, and August 31, 1971, in a unit that, as determined by the Department of Defense, operated in or near the Korean Demilitarized Zone (DMZ) in an area in which herbicides are known to have been applied during that period, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307(a)(6)(iv). The list of diseases associated with exposure to certain herbicide agents include chloracne or other acneform disease consistent with chloracne. Id. § 3.309(e). A review of the Veteran’s DD-214 shows that he served in the Korean DMZ during the applicable period and is therefore presumed to have been exposed to herbicide agents.
The applicable criteria provide that a disease associated with exposure to certain herbicide agents, listed in 38 C.F.R. § 3.309(e), will be considered to have been incurred in service under the circumstances outlined in this section even though there is no evidence of such disease during the period of service. 38 C.F.R. § 3.307(a). 
Under the benefit-of-the-doubt rule embodied in 38 U.S.C. § 5107 (b), in order for a claimant to prevail, there need not be a preponderance of the evidence in the veteran’s favor, but only an approximate balance of the positive and negative evidence. In other words, the preponderance of the evidence must be against the claim for the benefit to be denied. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1994).
Entitlement to service connection for skin condition, to include eczema and epidermal inclusion cysts. 
The Veteran contends that his skin disability which includes eczema and epidermal inclusion cysts are due to an in-service herbicide agent exposure. He remembers being stationed in Korea near the DMZ for four months where herbicide agents were administered. See Statement in Support of Claim. 
The Veteran carries a diagnosis of eczema and epidermal inclusion cysts. Shedden element (1) has been met.
As for service incurrent, the Veteran’s March entrance examination indicated that his skin was normal and the Veteran indicated he never had a history of skin diseases or boils. September 1969 service treatment records indicate the Veteran he suffered a rectal fissure and was treated with Metamucil and suppositories. There was no evidence of a cyst between the buttocks. An April 1970 separation examination indicated his skin was normal. The Veteran again stated he had never had a skin disease or boils. 
Notwithstanding the lack of treatment for a chronic skin disorder in service, which the Veteran does not allege, he had confirmed service in the Korean DMZ. His exposure to herbicide agents during active service is presumed. Such is sufficient to establish that Shedden element (2).
The question in this case is whether a causal relationship or nexus exists between the Veteran’s eczema and epidermal inclusion cysts and his active service. Neither skin disability is presumed to be related to herbicide agent exposure. However, service connection based on exposure to herbicide agents can be established with proof of actual direct causation. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994); Brock v. Brown, 10 Vet. App. 155 (1997).
Evidence of the Veteran’s disability first appeared in 1989. Post-service treatment records show skin complaints in March 1989 which include acne scarring and epidermal cysts, over 19 years after service discharge. It has been held that such a lengthy lapse of time between the alleged events in service and the initial manifestation of relevant symptoms after service is a factor for consideration in deciding a service connection claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). In April 1989 the Veteran was examined and diagnosed with cystic acne. He stated to the physician at the time, he had not seen the cysts prior to that date. The Veteran also sought medical treatment in July 1989 for a skin rash which was determined to have been caused by an allergic reaction. 
Social Security Administration records indicate the Veteran was treated for epidermal cysts in 2009. He was treated with penicillin over a 12-day period. 

A March 2018 VA examiner reviewed the Veteran’s relevant treatment records and performed an in-person examination. Nine epidermal inclusion cysts were observed on the neck (2) and the back (7). The examiner noted the Veteran did not seek treatment for cysts or chronic acne until 1989. The Veteran stated he was prescribed topical Hydrocortisone to treat his skin condition. The examiner stated that Hydrocortisone was not indicated for the treatment of epidermal inclusion cysts. The examiner noted that the Veteran did not present evidence of any chronic skin conditions including eczema on the day of the examination. In this regard, the Veteran informed the examiner that he had not sought treatment for his skin in more than two years. Based upon the review of the evidence, the Veteran’s lay statements and in-person examination, the VA examiner determined the Veteran’s skin condition was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The Veteran has not provided competent medical evidence disputing this opinion.
In light of the foregoing, the preponderance of the evidence is against entitlement to service connection for a skin condition to include eczema and epidermal inclusion cysts. In the absence of a nexus by presumption or direct evidence, the criteria for service connection for a skin condition to include eczema and epidermal inclusion cysts are not met and the appeal must be denied.
 
MICHAEL A. HERMAN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Mahmoudi, Associate Counsel