﻿Citation Nr: AXXXXXXXX
Decision Date: 06/19/19 Archive Date: 06/19/19

DOCKET NO. 190509-5964
DATE: June 19, 2019

ORDER

Entitlement to service connection for a neck disorder is denied.

FINDING OF FACT

The Veteran’s neck disorder was not present during service, is not attributable to service, and did not manifest to a compensable degree within one year of discharge from active service in October 1980.

CONCLUSION OF LAW

The criteria for service connection for a neck disorder have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1131 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Navy from July 1962 to July 1966 and from August 1966 to October 1980.

This issue comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. Following the denial of the Veteran’s claim by the April 2019 rating decision, the Veteran elected the direct review option in May 2019. This decision has been written consistent with the new AMA framework. 

On his May 2019 Notice of Disagreement (VA Form 10182), the Veteran limited his appeal to the neck disorder claim. Therefore, the Board will only address this issue at this time. 

The Veteran contends that his neck disorder is the result of his active duty service. The Veteran filed his claim for VA compensation in June 2018. A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. §§ 1110, 1131. Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

An alternative method of establishing the second and third elements of service connection for those disabilities identified as a “chronic condition” under 38 C.F.R. § 3.309 (a) is through a demonstration of continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). A claimant can establish continuity of symptomatology with competent evidence showing: (1) that a condition was “noted” during service; (2) post-service continuity of the same symptomatology; and (3) a nexus between a current disability and the post-service symptomatology. 38 C.F.R. § 3.303 (b). However, the United States Court of Appeals for the Federal Circuit (Federal Circuit) held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic under 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). The Veteran’s cervical arthritis qualifies as a “chronic condition” under 38 C.F.R. § 3.309 (a). Accordingly, service connection may be granted on a presumptive basis for cervical arthritis if it is shown to be manifest to a degree of 10 percent or more within one year following the Veteran's separation from active military service. 38 C.F.R. §§ 3.307, 3.309 (a).

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (Court) stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

The AOJ found that the Veteran has a current diagnosis of cervical strain with degenerative arthritis of the spine, spondylosis and anterolisthesis. In addition, the AOJ found that the Veteran was involved in an in-service motor vehicle collision in June 1979. Therefore, the remaining issue for the Board to consider is whether a causal relationship or nexus exists between the Veteran’s neck disorder and his in-service motor vehicle collision. The Board finds a preponderance of the evidence to be against the Veteran. As such, his service connection claim must be denied. 

A review of the Veteran’s service treatment records (STRs) demonstrates that he did not complain of neck pain resulting from his in-service motor vehicle collision. The STRs were silent as to any complaints or treatment for any neck issues. Clinical examination of the Veteran’s neck was normal on entrance. The Board notes that the Veteran was medically discharged from service due to head injuries sustained in the June 1979 motor vehicle collision. However, no neck complaints or issues were referenced in his medical discharge report. A review of the Veteran’s post-service VA and private treatment records demonstrates that the first complaints of neck pain were found in the July 2018 VA examination report, many years after his discharge. 

The Veteran underwent a VA examination in July 2018. The examiner diagnosed cervical strain and degenerative arthritis of the cervical spine. In addition, the examiner referenced the Veteran’s daily pain complaints of dull aching pain (4-5/10) that was relieved with Aleve and stretching. Additionally, the examiner noted the Veteran’s report of the onset of neck pain as June 2, 1979, the date of the Veteran’s in-service motor vehicle collision. Interpretation of imaging studies revealed documented arthritis of the Veteran’s neck. The examiner found that the Veteran’s neck disorder did not impact his ability to work. No etiology opinion was given. 

An addendum VA medical opinion was issued in March 2019. The examiner provided a negative opinion that the Veteran’s neck disorder is the result of his active duty service. The examiner found that, while the Veteran experienced an in-service motor vehicle collision, there was no evidence of a chronic neck disorder that originated from this collision. Any in-service neck complaints or injuries were found to be acute only. The examiner found no evidence of continued care of a chronic neck disorder, as the Veteran’s claims file was silent for any repeated neck evaluations since service. The examiner referenced a July 2018 private diagnostic imaging report which found evidence of cervical arthritis however, the examiner stated that this is not associated with the Veteran’s claimed in-service neck injury, as there is no evidence to support his ongoing complaints or evaluation of a neck disorder. 

The Board finds the VA opinion persuasive. The examiner noted the Veteran’s self-reported medical history, indicated a review of the claims file, and based this opinion on the Veteran’s interview, the claims file review, and the VA examination results. Further, the opinion is based on the evidence summarized earlier, which indicates no neck problems for approximately 39 years following service. To the extent that the Veteran has alleged he has continuous neck symptomology from time of the motor vehicle accident to the present, the Board finds this allegation is undercut by the contemporaneous evidence of record in the service treatment records. The records are silent as to complaints of, diagnosis of or treatment for neck complaints. There is a long period of time between discharge and the first evidence of neck complaints. The Board finds the lack of contemporaneous evidence of neck problems, including physical examinations conducted subsequent to the motor vehicle accident which were silent as to neck problems negates the probative value of the Veteran's current allegations. As such, the Board finds the opinion of probative value. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician’s statement is dependent, in part, upon the extent to which it reflects clinical data or other rationale to support the opinion). Further, the March 2019 opinion is the only medical opinion of record that addresses the issue of medical nexus. In light of the negative nexus opinion and lack of positive opinion to contradict the negative evidence, there is simply no basis for a grant of service connection for the Veteran’s neck disorder. 

There is no evidence of continuity of symptomology of neck complaints or issues from discharge to the present. The evidence demonstrates that, for approximately 39 years following service, the Veteran did not have characteristic manifestations sufficient to identify a chronic disease entity. See 38 C.F.R. §§ 3.303, 3.307, 3.309; see also Walker, supra. Indeed, the Board found no evidence of complaints for neck pain, stiffness, or any other issues in any of the Veteran’s post-service VA and private treatment records prior to the July 2018 VA examination. The prolonged period without treatment factors against the Veteran's claim. See Maxson v. West, 12 Vet. App. 453 (1999), aff'd 230 F.3d 1330 (Fed. Cir. 2000) (holding that service connection may be rebutted by the absence of medical treatment for the claimed condition for many years after service).

In assessing the claim, the Board has considered the Veteran’s lay opinion that he currently experiences neck issues as a result of his military service. While he is competent to report observable symptoms, he is not competent to link his current neck issues to his active duty service. As a layperson, the Veteran is not competent to make a complex medical determination as to the etiology of his neck disorder. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). This requires specialized training and testing. Accordingly, the Veteran's opinion that his neck disorder is due to military service is without probative value. 

As the preponderance of the evidence is against the claim of entitlement to service connection for a neck disorder, the benefit-of-the-doubt doctrine does not apply, and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. Massey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.