﻿Citation Nr: 19159014
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-21 189
DATE: July 30, 2019

ORDER

Entitlement to service connection for a lower back disorder is denied.

FINDING OF FACT

Although the Veteran has a diagnosis of a lower back disorder that required multiple surgical procedures, the preponderance of the evidence is against finding that his disability began during service or is otherwise related to an in-service injury or disease. Arthritis was first demonstrated many years after service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a lower back disorder have not been met 38 U.S.C.§§ 1101, 1112, 1113, 1131, 1137 (West 2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty from July 1958 to May 1961. He testified in a hearing before the undersigned in March 2019. A transcript is of record.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2018). “To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”—the so-called “nexus requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2018); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, a preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

For Veterans with 90 days or more of active service during a war period or after December 31, 1946, certain chronic diseases may be presumed to have been incurred in service if they manifest to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1112, 1113, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). Arthritis is on the list of diseases presumed to have been incurred in-service and receive a one-year presumption.

Entitlement to service connection for a lower back disorder 

The Veteran asserts that the onset of his lower back pain in-service is attributed to a back injury he experienced when parachuting from an airplane and from physically carrying equipment.

The Veteran’s STRS are negative for any complaints, diagnoses, or treatments for a lower back disorder. At his April 1961 examination prior to discharge, the Veteran reported negative for recurrent lower back pain, with no evidence of arthritis, rheumatism, or bursitis. The Veteran also reported negative for spine, bone, joint, or any other lower back deformity.

July 2002 to July 2014 private treatment records reveal that the Veteran reported a history of lower back pain and undergoing surgery in 1982 and 1986. MRI impressions revealed progressive recurrent degenerative disc disease with mild multi-factorial spinal stenosis and neural foraminal narrowing at multiple levels due to degenerative changes. 

In an April 2015 VA back disability benefits questionnaire, the examiner diagnosed the Veteran with degenerative disc disease, lower back stenosis, and intervertebral disc syndrome with arthritis. The examiner opined that the Veteran’s lower back disorder less likely as not incurred in or was caused by jumping from a plane, carrying heavy radio equipment, or an in-service event, illness or injury. The examiner explained that the Veteran’s STRs do not reveal any complaints, diagnoses, or treatment records for lower back pain in-service. He also noted that the first diagnosis of the Veteran’s lower back pain was not until 2002. 

In an April 2016 VA back disability benefits questionnaire, the examiner diagnosed the Veteran with lumbar degenerative disc disease with intervertebral disc syndrome involving the right sciatic nerve, spinal stenosis, and a post-operative laminectomy with a scar. Thr examiner opined that the Veteran’s lower back disorder was less likely than not incurred in or caused by an in-service injury, event or illness. He noted the absence of service treatment records reporting any complaints, diagnosis, or treatments for lower back pain. He also noted that during the Veteran’s separation examination he did not report any issues. 

In a March 2019 hearing before the undersigned, the Veteran testified that the onset of his lower back pain is attributed to a back injury he experienced while parachuting from an airplane and from physically carrying heavy equipment in-service.

The Board also reviewed the Veteran’s lay statements, appellate brief, and hearing testimony asserting that that the onset of his lower back disorder was caused by his time in-service. Lay people are competent to report on matters observed or within their personal knowledge. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Therefore, the Veteran is competent to provide statements of symptoms which are observable to his senses and there is no reason to doubt his credibility. However, the Board must emphasize that the Veteran is not competent to interpret accurately clinical findings pertaining to a lower back disorder as this requires highly specialized knowledge and training. 38 C.F.R. § 3.159 (a)(1) (2018). See also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

In sum, the Board finds that the record does not establish service connection for a lower back disorder. While the Veteran contends that his lower back disorder was caused by an injury in-service, this is not found to be probative considering the other evidence of record. It has been determined by the Board that the onset of the Veteran’s lower back disorder is not related to his time in-service. As noted, the Veteran’s STRs do not reveal any complaints, diagnoses, or treatments for any back conditions. At his discharge examination, the Veteran reported in the negative for any back conditions. Furthermore, the record indicates that there is no indication of treatment for a lower back disorder until many years after service. See Mason v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and the medical documentation of a claimed disability is evidence against a claim of service connection). Moreover, the Board finds the opinions and explanations offered by the VA examiners opining that the Veteran’s lower back disorder is less likely than not related to his time in-service to be competent, credible, and well founded. Lastly, as a pathology for a lower back disorder has not been shown to be related to the Veteran’s time in-service, the Board finds no clinical evidence to support the Veteran’s contentions.

Based on this evidence, the Board finds service connection is not warranted. The Board has considered the benefit-of-the-doubt doctrine; however, the Board does not perceive an approximate balance of positive and negative evidence. The preponderance of the evidence is against the claim, the doctrine is not applicable, and the claim must be denied. 38 U.S.C. § 5107 (b) (2012); 38 C.F.R. §3.102 (2018).

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Elliot Harris, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.