﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190501-7563
DATE: July 30, 2019

ORDER

Re-adjudication of the claim of entitlement to service connection for a bilateral pes planus disability (claimed as flat foot) is warranted. 

The claim of entitlement to service connection for a bilateral pes planus disability (claimed as flat foot) is denied. 

FINDINGS OF FACT

1. An October 1957 rating decision denied the Veteran’s claim of service connection for a pes planus disability (claimed as flat foot) because the disability was not shown to have been incurred during active service; the Veteran did not appeal the decision to the Board or submit new and material evidence within one year. 

2. New evidence added to the record since the October 1957 rating decision denial is relevant to the issue of entitlement to service connection for a bilateral pes planus disability (claimed as flat foot). 

3. The Veteran’s bilateral pes planus disability did not manifest during service, was not related to his service, and was not caused or aggravated by a service-connected disability.

CONCLUSIONS OF LAW

1. The October 1957 rating decision denying service connection for a pes planus disability (claimed as flat foot) is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.156, 20.302, 20.1103 (2017). 

2. The criteria for re-adjudicating the claim of service connection for a bilateral pes planus disability (claimed as flat foot) have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). 

3. The criteria for service connection for a bilateral pes planus disability (claimed as flat foot) have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310, 4.3 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in various sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

In this case, the Veteran contends that he is entitled to service connection for a bilateral pes planus disability (claimed as flat foot). 

The Veteran served in the U.S. Army from July 1954 to July 1956. This case comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The RO first denied the Veteran’s claim of service connection for a pes planus disability (claimed as flat foot) in an October 1957 rating decision. The RO found that the Veteran’s claimed pes planus disability (claimed as flat foot) was not shown to have been incurred during active service. The Veteran did not appeal this decision or submit new and material evidence within a year. Therefore, the October 1957 rating decision is final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b), 20.302, 20.1103. 

The Veteran submitted a new claim of service connection for a bilateral pes planus disability (claimed as flat foot) in November 2017. In a January 2018 rating decision, the RO again denied the Veteran’s claim of service connection for a bilateral pes planus disability (claim as flat foot) because the Veteran had not submitted any new and material evidence to support his claim; and the evidence did not show an in-service event, disease, or injury that would indicate a link between the Veteran’s medical condition and his active service. There was also no continuity of symptoms between active service and the present. 

The Veteran filed a notice of disagreement (NOD) in February 2018, and the RO issued a statement of the case (SOC) in May 2018. However, the Veteran did not file a timely Form 9 to perfect his appeal. 

The Veteran submitted another claim of service connection for a bilateral pes planus disability in January 2019. The Veteran was afforded a new VA examination for his bilateral pes planus disability in March 2019. 

The new and material evidence issue regarding service connection for a bilateral pes planus disability has been recharacterized to reflect the applicable evidentiary standard of new and relevant evidence under the AMA. 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2). Specifically, VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

Here, the March 2019 VA examination was added to the record well after the October 1957 prior final legacy rating decision. The medical opinion contained in the March 2019 VA examination was not already of record, and it may prove or disprove the “nexus” element of the claim of service connection for a bilateral pes planus disability. Thus, re-adjudication of the claim is warranted.

In the April 2019 AMA rating decision, the RO continued the denial of the Veteran’s claim of service connection for a bilateral pes planus disability (claimed as flat foot) because the evidence continued to show that the Veteran’s bilateral pes planus disability was not incurred in or aggravated by his active service. 

The Veteran timely appealed the April 2019 rating decision to the Board and requested direct review under the AMA of the evidence considered by the RO. 

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012). 

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). “To establish a right to compensation for a present disability, a Veteran must show: ‘(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service’- the so-called ‘nexus’ requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (citing Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection may also be granted on a secondary basis for a disability that is proximately due to, aggravated by, or otherwise the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Service connection on a secondary basis may not be granted without medical evidence of a current disability and medical evidence of a nexus between the current disability and a service-connected disability. See Wallin v. West, 11 Vet. App. 509, 512-514 (1998); see also Allen v. Brown, 7 Vet. App. 439, 488 (1995) (en banc). 

Bilateral Pes Planus Disability 

The Veteran contends that he is entitled to service connection for a bilateral pes planus disability, which he asserts is secondary to his already service-connected left knee degenerative arthritis disability (previously rated as residuals, status post left knee contusion and surgery with post-traumatic arthritis and chondromalacia (previously evaluated as residuals of contusion and severe deep lacerations of the left knee)). Service connection for left knee degenerative arthritis was established in the October 1957 rating decision. 

At the Veteran’s VA examination in March 2019, the VA examiner reported that the Veteran had a diagnosis of bilateral flat foot (pes planus), as well as bilateral hallux valgus. Thus, the Veteran fulfills the first requirement of service connection – a current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (citing Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

However, the Veteran’s service treatment records (STRs) do not show any complaint, diagnosis, or treatment of a pes planus or flat foot disability. In the Veteran’s Reports of Medical Examination at pre-induction in Jun 1954 and at release from active duty in July 1956, the examiner marked the Veteran’s foot condition as normal. The record contains no complaints, diagnosis, or treatment of foot problems from the time of Veteran’s active service. There is also no evidence of record concerning pes planus in the year immediately following the Veteran’s active service. 

More than a year after the Veteran’s separation from active service, the Veteran was afforded a Special Orthopedic Surgical Examination in September 1957. The examiner stated that the Veteran had 3rd degree pes planus with moderate hallux valgus. The examiner also noted that the Veteran’s pes planus was asymptomatic. This is the first mention of pes planus on record. 

After the October 1957 rating decision denial, there is no evidence of record showing any complaint, diagnosis, or treatment of pes planus or flat foot until the Veteran’s November 2017 claim of service connection for bilateral pes planus 60 years later. See Maxson v. West, 12 Vet. App. 453 (1999), aff’d, 230 F.3d 1330 (Fed. Cir. 2000) (a significant lapse in time between service and post-service medical treatment may be considered as part of the analysis of a service connection claim such that it weighs against the claim). 

The Veteran’s other post-service treatment records indicate other medical issues related to the feet. In a May 2015 Nursing Outpatient Note, the Veteran expressed concern about foot fungus and numbness in the big toes for the prior three to four months. The examiner noted white, scaled dry skin between the toes, and the Veteran was educated about washing his feet daily and wearing clean socks. In a June 2015 Podiatry Consult, the Veteran complained of itching across the top of the right foot in the mornings, as well as occasional numbness in the big toe. A September 2015 Outpatient Primary Care Note indicated that the Veteran was prescribed a topical cream for his foot condition. However, these above-mentioned post-service treatment records are silent of any problems related to pes planus or flat foot. 

Based on the above, there is no indication in the record that an in-service event, injury, or disease caused or aggravated a pes planus disability in the Veteran. Thus, there is no probative evidence of record that would support a finding of service connection for the Veteran’s bilateral pes planus (flat foot) disability on a direct basis. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (citing Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

As such, this case turns on whether the Veteran’s bilateral pes planus disability was proximately due to, aggravated by, or otherwise the result of a service-connected disability. As mentioned earlier, the Veteran asserts that his claimed bilateral pes planus disability (claimed as flat foot) is secondary to his already service-connected left knee degenerative arthritis disability (previously rated as residuals, status post left knee contusion and surgery with post-traumatic arthritis and chondromalacia (previously evaluated as residuals of contusion and severe deep lacerations of the left knee)). 

At the Veteran’s March 2019 VA examination, the VA examiner determined that Veteran’s bilateral pes planus (flat foot) disability is less likely than not proximately due to or the result of his service-connected left knee degenerative arthritis. The VA examiner explained that there is no documentation in the medical literature establishing a direct cause-and-effect relationship with degenerative arthritis of the left knee (post-traumatic with chondromalacia) as a cause of bilateral pes planus, with or without hallux valgus. 

The Board acknowledges the Veteran’s assertion that his current bilateral pes planus (flat foot) disability was caused by or related to his active service. The Board also acknowledges the Veteran’s assertion that his bilateral pes planus disability was the result of his service-connected left knee degenerative arthritis disability. However, the Board finds that the Veteran lacks the adequate medical expertise in this case to render a medical opinion as to the etiology or cause of his diagnosed disabilities. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Jones v. West, 12 Vet. App. 383, 385 (1999). As such, the Veteran’s assertions are not competent or probative evidence to determine whether the Veteran’s current bilateral pes planus disability was caused by or otherwise related to his active service or his service-connected left knee degenerative arthritis disability. 

The Board finds the opinion of the March 2019 VA examiner to be the most probative evidence of record concerning whether the Veteran’s current bilateral pes planus disability is causally related to his active service or his service-connected disability. The March 2019 VA examiner’s rationale is logical and well-reasoned and based on consideration of the Veteran’s claims file, reported history, service treatment records, and post-service history, as well as relevant medical literature. Thus, the Board is satisfied that the March 2019 VA examiner’s opinion is competent, credible, persuasive, and probative for deciding this appeal.

The Veteran has submitted no other probative evidence that would indicate that his current bilateral pes planus (flat foot) disability was caused by or otherwise related to his active service or his service-connected disabilities.

Based on the above, the preponderance of the evidence weighs against a grant of service connection for the Veteran’s bilateral pes planus disability on a direct or secondary basis. Therefore, the claim of entitlement to service connection for a bilateral pes planus disability (claimed as flat foot) must be denied. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304. 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Dawn A. Leung, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.