﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190426-12442
DATE: September 26, 2019

ORDER

Entitlement to service connection for tinnitus is denied.

FINDING OF FACT

The evidence of record demonstrates that tinnitus is not attributable to service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law has created a new framework for veterans dissatisfied with the Department of Veterans Affairs (VA) decisions on their claims to seek review. 

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a VA February 2019 rating decision that considered the evidence of record on the date of its issuance. The Veteran, who had active duty from July 1974 to July 1994, timely appealed this rating decision to the Board by requesting the AMA direct review lane for a reevaluation of the evidence considered by a VA Regional Office (RO) in connection with issuing this rating decision.

In October 2018, the Veteran applied for service connection for various disabilities, to include bilateral hearing loss and tinnitus. He stated that, during his service, he worked on a flight line, and the onset of his hearing loss and tinnitus took place in July 1994, i.e., during the last month preceding his discharge after 20 years of service. In February 2019, the RO denied service connection for all disabilities claimed in the Veteran’s October 2018 application. In April 2019, the Veteran filed a Notice of Disagreement (NOD), limiting his challenges to the RO’s decision as to his tinnitus claim. Because the Veteran filed a limited NOD, his other claims are not before the Board. Collaro v. West, 136 F.3d 1306, 1309-10 (Fed. Cir. 1998).

Service connection is granted if the evidence of record demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Thus, establishing service connection requires competent evidence of a current disability, an in-service incurrence or aggravation of a disease or injury, and a nexus between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). 

Here, the Veteran’s service treatment records (STRs) do not indicate that he suffered from tinnitus in service. While the STRs contain references to an ear pain he reported in connection with his headaches, the STRs do not reflect any complaints, treatment, or symptoms of tinnitus. Further, the Veteran’s May 1994 separation examination contained no references to tinnitus or any complaints or symptoms that could be construed as related to or suggestive of tinnitus. 

Moreover, the Veteran’s military personnel records (MPRs) do not indicate that his duties required him to work on a flight line. For instance, the MPRs show that, from September 1979 to June 1980, he was responsible for maintaining and checking the accuracy of computer data, and for advising commanders about regulatory changes. From June 1980 to January 1982, he was responsible for mobility and contingency exercises of personnel and for input of personnel-related matters into a mobility plan. From January 1982 to May 1982, the Veteran was responsible for a customer service unit and for maintaining a personnel enrollment eligibility reporting system. From June 1982 to September 1984, the Veteran supervised a lounge and a golf course to ensure appropriate operations of food and beverage services. From September 1984 to September 1985, he managed a recreational lounge. From September 1987 to October 1989, he was an assistant manager of a mess hall. From November 1991 to November 1992, the Veteran managed a manning work center. And from November 1992 to November 1993, he was a base career center adviser.

Further, in August 1994, i.e., two weeks after separating from service, the Veteran applied for service connection for 11 disabilities, and accompanied his application by a list of ailments he experienced during his 20-year service, with each ailment identified by the nature of the condition he experienced, as well as by its date, month, and year. While the disabilities asserted by the Veteran in his August 1994 application included an unspecified “ear condition” that referred to STR references to the ear pain he reported in connection with headaches, no hearing loss disability, to include tinnitus, was included among the disabilities claimed in the August 1994 application. Further, the Veteran’s extensive and detailed list of ailments accompanying the August 1994 application did not include any mention of tinnitus, either during the Veteran’s 20-year career or during the last month of his service.

In addition, the Veteran’s post-service treatment records show that, in May 2015, i.e., 21 years after separating from service, the Veteran denied having tinnitus. Further, during his February 2019 VA examination, the Veteran reported that he was experiencing a ringing in his ears once or twice a week, with each period of ringing being approximately 30 seconds long. The February 2019 VA examiner found that it was less likely than not that the Veteran’s brief periods of ringing in his ears were attributable to service, given that, in 2019, the Veteran was diagnosed with clinical hearing loss in high frequencies, and tinnitus was a known symptom of such a hearing loss. The examiner also pointed out that “comparisons of [the Veteran’s] entrance and separation exams documented stable hearing thresholds during [his] time in active duty, indicating no acoustic trauma . . . , and [the V]eteran’s accounts are more consistent with transient ear noises than clinically diagnosed tinnitus.”

In sum, even if the Board were to assume, arguendo, that the Veteran currently suffers from tinnitus, the evidence of record is against finding that he experienced an in-service acoustic trauma or that his tinnitus had its onset in service, as alleged in his October 2018 application. Further, while the Veteran is competent to report the ringing sound in his ears, Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009), he has not been shown to possess the expertise necessary to opine on the etiology of his tinnitus, Layno v. Brown, 6 Vet. App. 465, 469 (1994). In contrast, the Board finds the opinion rendered by the February 2019 VA examiner competent, credible, and highly probative. Moreover, the fact that the Veteran applied for service connection for 11 disabilities right after his discharge but sought service connection for his tinnitus only 24 years after his separation from service counsels against finding that his tinnitus is attributable to service. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and any medical complaints or documentation of a claimed disability is a factor that weighs against a claim for service connection). Since the preponderance of the evidence is against finding that the Veteran’s tinnitus is attributable to service, the doctrine of the benefit of the doubt is not for application. Accordingly, the Veteran’s claim is denied. 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Anna Kapellan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.