PAULINE NEWMAN, Circuit Judge.
 

 Raymond G. Maxson appeals the judgment of the United States Court of Appeals for Veterans Claims,
 
 [1]
 
 affirming the decision of the Board of Veterans Appeals denying Mr. Maxson benefits for service-connected aggravation of a pre-existing condition. Because the court correctly interpreted the relevant statute, the decision is affirmed.
 

 BACKGROUND
 

 Mr. Maxson received a partial colectomy (surgical removal of a portion of the colon) in 1938. He enlisted in military service in 1939. A September 1939 military medical examination recorded that Mr. Maxson had a colectomy, but found that he was physically qualified for service. . During his military service Mr. Maxson participated in combat on Guadalcanal, where service medical records state that he was treated for malaria and suffered “four episodes of colicky abdominal pain accompanied by nausea, much vomiting.” Service medical records also state that Mr. Max-son had a bowel obstruction in January 1942, and was given a barium enema (for colon x-rays) in March 1943 after being hospitalized for diphtheria. A July 1945 examination, prior to Mr. Maxson’s separation from service, noted the history of a partial colectomy, stated that there was “no abdominal tenderness,” and listed no symptoms or disability relating to the co-lectomy. Mr. Maxson was discharged in September 1945.
 

 Mr. Maxson filed his first claim seeking benefits for service-related aggravation of his colon problems in 1989; the claim was denied. However, the claim was reopened when Mr. Maxson submitted evidence deemed to be new and material, including statements from a physician as well as lay witnesses that his colon condition had been aggravated by his military service. The board determined that Mr. Maxson had established a well-grounded claim and was entitled to a presumption of service-connected aggravation under 38 U.S.C. § 1153 and § 1154(b):
 

 § 1153. A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease.
 

 § 1154(b). In the case of any veteran who engaged in combat with the enemy in active service ..., the Secretary shall accept as sufficient proof
 
 of
 
 service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incur-rence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incur-rence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear
 
 *1332
 
 and convincing evidence to the contrary. ...
 

 See generally Jensen v. Brown,
 
 19 F.3d 1413 (Fed.Cir.1994) (discussing this evi-dentiary mechanism). However, the board also found that the presumption of service-connected aggravation was rebutted by clear and convincing evidence.
 
 See
 
 § 1154(b). The board’s determination rested on the lack of any service or post-service treatment records showing an increase in disability, the multiple medical records that reflected general good health after his period of combat service, and the testimony of a physician who examined Mr. Maxson’s medical records.
 

 The Court of Appeals for Veterans Claims affirmed. The court observed that although temporary or intermittent flareups of a pre-existing condition during service are not “aggravation” absent a worsening of the underlying condition, the regulation implementing §§ 1153 and 1154(b) establishes a rebuttable presumption of aggravation on proof of “the development of symptomatic manifestations of a preexisting disease.” 38 C.F.R. § 3.306(b)(2). The court affirmed the board’s ruling that Mr. Maxson was entitled to a presumption of service-connected aggravation, and also affirmed the board’s ruling that the presumption was rebutted by clear and convincing evidence. The court explained:
 

 What is decisive in the conclusion that the Court reaches here is that, despite numerous pre-1944 entries regarding appellant’s symptomatology, the evidence of record reveals that from 1944 to 1989 there is no record of any complaint, let alone treatment, involving the appellant’s colon condition.
 

 Mr. Maxson appeals, arguing that, as a matter of law, the absence of evidence of treatment or complaint concerning his colon condition after 1944 can not be clear and convincing evidence that he did not suffer a service-connected aggravation of his colon condition. Mr. Maxson does not request review of the court’s evaluation of the evidence or absence thereof, but asks the Federal Circuit to establish the rule of law, interpreting 38 U.S.C. § 1154(b), that only positive evidence of non-aggravation can rebut the presumption of service-connected aggravation.
 

 DISCUSSION
 

 Pursuant to 38 U.S.C. § 7292(a), the Federal Circuit reviews decisions of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of a statute or regulation relied upon by the court. However, we have no authority to review factual determinations, or application of the law to the facts of a particular case. 38 U.S.C. § 7292(d)(2). We are charged to interpret constitutional and statutory provisions “to the extent presented and necessary for a decision,” 38 U.S.C. § 7292(c), and to set aside an interpretation relied upon by the court if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (4) without observance of procedure required by law. 38 U.S.C. § 7292(d)(1).
 

 A veteran is entitled to benefits for service-connected aggravation of a condition that existed before the commencement of military service if the military service caused some increase in the disability due to the preexisting condition.
 
 See
 
 38 U.S.C. §§ 1110, 1153. In recognition of the difficulty of collecting or preserving proof of service-connected aggravation in combat conditions, § 1154(b) allows veterans to establish a presumption of service-connection by lay or other evidence in the absence of official records. This evidentiary mechanism involves a three step analysis. First, it must be determined whether the veteran has presented “satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease,” the words of 38 U.S.C. § 1154(b). Next, it
 
 *1333
 
 must be determined whether the evidence is “consistent with the circumstances, conditions, or hardships of such service.”
 
 Id.
 
 If these two steps are met, the Secretary shall accept the evidence as “sufficient proof of service-connection,”
 
 id.,
 
 regardless of the absence of official records. In the third and final step of the analysis, it is determined whether the government came forward with enough evidence to rebut the presumption with “clear and convincing evidence to the contrary.”
 
 Id.; see Collette v. Brown,
 
 82 F.3d 389, 393 (Fed.Cir.1996).
 

 In accordance with the first two steps, Mr. Maxson established a presumption of service-connected aggravation of his colon condition. This aspect is not in dispute. The burden then shifted to the government, requiring the government to disprove aggravation with clear and convincing evidence. The court deemed “decisive” the absence, until 1989, of post-war medical records concerning colon-related problems. Mr. Maxson argues that the absence of medical records can not of itself constitute clear and convincing evidence that the aggravation did not occur, and that more is required to overcome the presumption. Mr. Maxson asks us to rule, as a matter of statutory interpretation of § 1154(b), that the presumption can be overcome only by positive medical evidence of non-aggravation.
 

 The court held, and we agree, that evidence of a prolonged period without medical complaint can be considered, along with other factors concerning the veteran’s health and medical treatment during and after military service, as evidence of whether a pre-existing condition was aggravated by military service.
 
 See
 
 38 C.F.R. § 3.306(b) (“Aggravation may not be conceded where the disability underwent no increase in severity on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during and subsequent to service.”). The trier of fact should consider all of the evidence including the availability of medical records, the nature and course of the disease or disability, the amount of time that elapsed since military service, and any other relevant facts.
 
 See Jensen,
 
 19 F.3d at 1417;
 
 Dambach v. Gober,
 
 223 F.3d 1376, 1380-81 (Fed.Cir.2000) (absence of medical records during combat conditions does not establish absence of disability). Whether an evidentiary presumption has 'been rebutted is a matter of the weight of all of the evidence, in fight of the particular facts and circumstances.
 

 Section 1154(b) was correctly interpreted by the Court of Appeals for Veterans Claims as permitting consideration of Mr. Maxson’s entire medical history, including the lengthy period of absence of complaint directed to the condition he now raises. The weighing of this evidence is not within our appellate jurisdiction. On the issue of law presented, the judgment is
 

 AFFIRMED.
 

 No costs.
 

 [1]
 

 .
 
 Maxson v. West,
 
 12 Vet.App. 453 (Vet.App. 1999).