NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7083

HENRY L. KINCE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED   June 9, 2005

_____

Before RADER, GAJARSA, and DYK, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board of Veterans' Appeals' (Board) determination of no clear and unmistakable error (CUE) in a 1973 decision denying Henry L. Kince a service connection for a knee disorder.  Kince v. Principi, No. 01-653 (Vet. App. Oct. 14, 2004).  The Veterans Court also determined that Mr. Kince affirmatively withdrew his pending petitions for review with the Board in 1990.  Id.  Because Mr. Kince's claim of CUE does not challenge the validity of any rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court, this court dismisses that claim for lack of jurisdiction.  Because the Board did not misapply any law or regulation or violate the

Constitution in accepting Mr. Kince's written withdrawal of his pending petitions for review by the Board, the dismissal of those claims is affirmed.

I

Mr. Kince served in the United States Air Force from 1966 to 1970 as an operator of heavy equipment. Mr. Kince was diagnosed with a congenital knee disorder two years after his service ended. He filed a petition for service connection for his knee problem. The Board denied that petition in 1973. The Board reasoned that the knee problem had been diagnosed two years after his release from service, that Mr. Kince's service record showed no history of a knee injury, and that the knee condition had no relation to Mr. Kince's service-connected back disorder.

On December 19, 1988, Mr. Kince requested increased disability evaluations stating that his other service-connected disorders had worsened. The Board denied this request on March 31, 1989. Mr. Kince then sent a letter of disagreement in June or July of 1989. In August of the same year, the Board confirmed its denial of service connection for the knee disorder. The Regional Office sent Mr. Kince a statement of the case outlining the decisions regarding the knee disorder and the denial of increased disability evaluations.

In October 1989, Mr. Kince received a medical examination for one of his service-related disorders, a skin condition, which was one of the issues for which he had requested an increased disability rating. In December 1989, Mr. Kince's representative notified the Regional Officer that Mr. Kince would accept a 10% disability rating for the skin condition as satisfying his claim. In January of 1990, the Regional Officer notified Mr. Kince that he would receive the 10% rating for the skin condition and

requested his written acceptance of the rating along with confirmation that he would be withdrawing his appeal to the Board regarding the skin condition. Mr. Kince sent a letter accepting the 10% rating and affirmatively discontinuing his appeal on the skin disorder. At the same time, he stated that he was also discontinuing his appeal to the Board on his back and knee disorders. Mr. Kince indicated that he would resubmit the back and knee claims after obtaining further documentation.

In April 1990, the Regional Officer sent a letter to Mr. Kince requesting that he notify them if he was not satisfied with his benefits. Mr. Kince replied again by letter accepting his current disability rating and stating that he was discontinuing his claims on appeal to the Board.

In May 1996, the Regional Officer notified Mr. Kince that the March 1989 confirmation of denial of increased disability ratings left no open claims before the Board. Mr. Kince, however, appealed that determination. In March 2001, the Board concluded that Mr. Kince had already affirmatively withdrawn his pending claims with the letters he had written to the Regional Officer. The Board further concluded that Mr. Kince had not shown that the 1973 Board decision denying him service connection for his knee disorder was the result of CUE. The Veterans Court affirmed the Board's decisions on October 14, 2004. Mr. Kince appeals.

II

This court has jurisdiction to review Veterans Court's decisions to determine if any regulation or interpretation thereof relied upon by the Veterans Court was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) contrary to constitutional right, power, privilege, or immunity; 3) outside the Veterans

Court's jurisdiction or a violation of statutory right; or 4) not in accordance with the required procedure. Maxson v. Gober, 230 F.3d 1330, 1332 (Fed. Cir. 2000); 38 U.S.C. § 7292(d)(1). This court does not have jurisdiction to review a Veterans Court's decision as to 1) a challenge to a factual determination or, 2) a challenge to a law or regulation as applied to the facts of a specific case. 38 U.S.C. § 7292 (d)(2).

On appeal, Mr. Kince argues first that there was evidence of CUE in his 1973 board decision refusing service connection for a knee condition. Specifically, he argues that if his medical records had been analyzed correctly then the Board and the Veterans Court would have come to a different conclusion as to his service connection regarding the knee disorder. Mr. Kince does not challenge the validity of the laws governing CUE or any other laws relied upon by the Veterans Court in denying his claim of CUE. Nor does he argue that procedures and regulations were not properly followed. Mr. Kince argues that he has not received due process under the Constitution on his petition for service connection for his knee disorder, but he does not support this contention with any facts or argument. Consequently, Mr. Kince has not raised a Constitutional issue regarding his claim of CUE. See Helfer v .West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding no jurisdiction to review claim that was "constitutional in name only"). Because Mr. Kince's arguments on appeal regarding his CUE claim rely solely on interpretation of his medical records, an issue of fact, this court lacks jurisdiction to address Mr. Kince's appeal of the Veterans Court's denial of his claim for CUE.

Mr. Kince's second argument on appeal is that the Veterans Court misapplied the pertinent regulations and denied him due process by "permit[ting] a veteran to sign a document waving his rights to further appeal his claim." (Appellant's Reply Br. at 1.)

05-7083 4

However, 38 C.F.R § 19.125(b)&(c) expressly allow a claimant to withdraw a substantive appeal in writing at any time before the Board issues a decision. The Board did not misapply these regulations by allowing Mr. Kince to exercise his right to withdraw his petitions for appeal. Mr. Kince's voluntary withdrawal of his appeal also does not violate due process. Consequently, this court affirms Mr. Kince's voluntary withdrawal of his pending petitions for review before the Board.

III

Because Mr. Kince relies solely upon factual arguments regarding the appeal of his claim for CUE in connection with his knee disorder, this court dismisses that claim for lack of jurisdiction. Because the Board properly applied 38 C.F.R. § 19.125(b)&(c) in allowing Mr. Kince to withdraw his pending petitions for review by the Board, the dismissal of those claims is affirmed.