NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY NIEKRO,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7064

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-0440, Judge Robert N. Davis.

---

Decided: September 10, 2010

---

HENRY NIEKRO, of Ludington, Michigan, pro se.

DAWN E. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, FRIEDMAN, and LINN, *Circuit Judges*.

PER CURIAM.

This pro se appeal challenges the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans Appeals ("Board"), denying Henry Niekro service connection and disability benefits for arthritis suffered while on active military service. We dismiss the appeal because it involves factual issues which we have no jurisdiction to review.

I

Following his active Army service from 1962 to 1965, in 1991 Niekro filed a claim seeking service connection and disability compensation for generalized arthritis, which he attributed to cold exposure or gonorrhea incurred while on active duty. After a series of decisions by the Department of Veterans Affairs Regional Office and the Board, the latter rejected his claims in 2008. It found that "[t]he veteran's generalized arthritis is not attributable to any injury or disease in service" and concluded that "[g]eneralized arthritis was not incurred or aggravated in active service." The Board ruled that a letter from Niekro's private physician, which stated that Niekro's arthritis "may have had its onset" during the veteran's military service, was speculative, because it was not based on Niekro's claim file and did not indicate

whether the physician had reviewed Niekro's medical records.

The Veterans Court affirmed. The court stated that "[t]he Board provided an adequate statement of reasons and bases that explained the weight it assigned to the private physician's medical opinion. Thus, the Court concludes that the Board did not err finding the VA examiner's report warranted greater weight."

## II

In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In other words, this court generally has no jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1992). "Whether the Veterans Court was correct in affirming the Board's credibility determination is [also] a question of fact beyond this court's jurisdiction." *Gardin v. Shinseki*, --- F.3d ----, 2010 WL 2898320, at *6 (Fed. Cir. 2010). Furthermore, "[t]he weighing of . . . evidence is not within our appellate jurisdiction." *Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000).

Niekro's appeal, which presents no constitutional issues, basically challenges the Board's weighing of the evidence. As indicated above, however, this court generally cannot reweigh the evidence in appeals from the Veterans Court. We therefore have no jurisdiction to consider the issues Niekro raises, and must dismiss his appeal.

Niekro summarily states various legal challenges to the Veterans Court's decision, but makes no attempt to

develop or explain them. Such challenges are inadequate to give this court the jurisdiction it otherwise would not have. *See, e.g.*, *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) ("[T]he appellant's characterization of [a] question . . . does not confer upon us jurisdiction that we otherwise lack.") (internal quotation marks omitted).

CONCLUSION

The appeal is

DISMISSED.


No costs.