NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARMANDO MONTELONGO,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1130

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2946, Judge Robert N. Davis.

---

Decided: February 11, 2016

---

ARMANDO MONTELONGO, San Antonio, TX, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Armando Montelongo appeals from a decision by the Court of Appeals for Veterans Claims ("Veterans Court") that affirmed a decision by the Board of Veterans' Appeals ("Board") denying disability benefits for dizziness and vertigo secondary to service-connected hearing loss and tinnitus. Because we lack jurisdiction over the issues Mr. Montelongo raises on appeal, we *dismiss*.

## BACKGROUND

Mr. Montelongo served on active duty in the United States Army from March 1954 to December 1958 during the Korean Conflict Era and Peacetime. In February 2010, Mr. Montelongo filed a claim for, inter alia, service-connected hearing loss and tinnitus. In 2014, the Department of Veterans Affairs ("VA") awarded Mr. Montelongo service connection for tinnitus with a 10% disability rating effective as of the date of his claim. Mr. Montelongo appealed to the Board, arguing that he was also entitled to service connection for a disability manifested by dizziness and vertigo, including as secondary to his service-connected hearing loss and tinnitus.

The Board denied Mr. Montelongo's claim. It found, as a matter of fact, that Mr. Montelongo did not exhibit dizziness or vertigo during his service or within one year of his separation from service. It further found that Mr. Montelongo's dizziness or vertigo was not causally related to any injury he received during his active service or to his service-connected disabilities. In making these findings, the Board recognized that, through no fault of Mr. Montelongo, the pertinent service treatment records were not available for review. In such situations, the Board explained that the VA has a heightened obligation to explain its findings and conclusions and to carefully consider the "benefit-of-the-doubt rule." Resp't's App. 17.

The Board considered a number of Mr. Montelongo's medical records, including private records from 2011 and 2012, and VA medical records from 2012 and 2014. It found that the private medical record concerning the cause of Mr. Montelongo's dizziness conflicted with the VA medical record addressing causation, and that, of these two records, the VA medical record was more probative. It found the private record did not articulate a rationale for linking Mr. Montelongo's dizziness to his service-connected injuries and was based on factual inaccuracies whereas the VA medical record provided a detailed rationale as to why Mr. Montelongo's dizziness was at least as likely to be caused by non-service-related injuries as service-connected injuries. It noted that, while the VA examiner could not identify the cause of Mr. Montelongo's dizziness without resort to speculation, none of the likely causes that the VA examiner did identify were related to Mr. Montelongo's service or his service-connected disabilities.

The Board also found that Mr. Montelongo was neurologically normal according to his separation examination report and that, according to the most credible evidence of record, Mr. Montelongo himself dated the onset of his dizziness to about 2001, around 43 years after his separation from service. The Board considered whether service connection could be granted on a presumptive basis for a chronic disability. It determined that service connection could not be granted on this ground because there was no medical evidence of dizziness or vertigo occurring during Mr. Montelongo's service or within one year of his separation from service and because the evidence did not sufficiently establish continuity of his dizziness symptoms since his service. The Board thus found that the preponderance of the evidence was against finding a link between Mr. Montelongo's dizziness or vertigo and his service or service-connected injuries. Because the Board found the preponderance of the evidence was against

Mr. Montelongo's claim, it reasoned that the benefit-of-the-doubt rule did not apply.

On appeal, the Veterans Court affirmed. It determined that the Board did not clearly err in relying on the VA medical record or in assessing the relative credibility and weight that it gave to each medical record. It similarly found that the Board did not err by not applying the benefit-of-the-doubt rule because this rule only applies when the evidence is equally balanced and the preponderance of the evidence weighed against Mr. Montelongo's claim. Mr. Montelongo timely appeals.

### DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited by statute. While we have jurisdiction to review and decide any challenge to the validity of any statute or regulation or interpretation thereof and over relevant questions of law, we may not review challenges to factual determinations or to the application of a law or regulation to the facts of a particular case unless an appeal presents a constitutional issue. 38 U.S.C. § 7292(c), (d)(1), (d)(2).

Mr. Montelongo argues that the Veterans Court wrongly affirmed the Board's decision denying his claim for dizziness and vertigo disability benefits as secondary to his service-connected tinnitus. He argues that the Board failed to consider whether the medical records it relied upon were adequate, and that the Board's decision contradicted the VA's 2014 ratings decision granting service connection for tinnitus. Specifically, he argues that the Board erred in finding the private medical record of less probative weight than the VA medical record because the VA relied on the private medical record when it granted service connection for tinnitus in the 2014 ratings decision.

These challenges are either questions of fact or go to the appropriate weight given to the evidence. Whether a

medical opinion is adequate is a question of fact, outside the scope of our jurisdiction. *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013). Similarly, we do not have jurisdiction to review the relative weight assigned to various portions of Mr. Montelongo's medical history. *See Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

CONCLUSION

For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.