﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191125-45687
DATE: December 31, 2019

ORDER

Entitlement to service connection for bilateral arm disability is denied.

Entitlement to service connection for right leg disability is denied.

Entitlement to service connection for left leg disability is denied.

FINDINGS OF FACT

1. The Veteran’s bilateral arm disability is was not incurred in service and is not related to service.

2. The Veteran’s current right leg disability was not incurred in service and is not related to such service.

3. The Veteran’s current left leg disability was not incurred in service and is not related to such service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral arm disability have not all been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for entitlement to service connection for right leg disability have not all been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for entitlement to service connection for left leg disability have not all been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran had active duty service from August 1959 to August 1962. This case was previously before the Board in April 2018, at which time it was remanded for further development. The Veteran selected the Higher-Level Review Lane when he submitted the RAMP election form in April 2018. VA completed the request for Higher-Level Review and discovered an error in their duty to assist in gathering evidence in support of the Veteran’s claim for service connection for bilateral arm condition, right leg condition, and left leg condition. The Agency of Original (AOJ) obtained updated VA treatment records and a February 2019 VA medical examination. Accordingly, the March 2019 RAMP rating decision considered the evidence of record as of the date VA received the February 2019 VA examination. The Veteran again selected the Higher-Level Review Lane when he submitted the RAMP election form in September 2019. Accordingly, the November 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the AOJ.

The Veteran testified at a Board hearing in October 2017; a transcript of that hearing is associated with the claims file.

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107(a) (2); 38 C.F.R. § 20.900(c).

Service Connection 

The Veteran contends that his disabilities are the result of being exposed to very cold weather during active service.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § § 1131; 38 C.F.R. § 3.303(a). “To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection for certain chronic diseases, including arthritis, may also be established based upon a legal “presumption” by showing that the disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); 38 C.F.R. §§ 3.307, 3.309. In addition, service connection may be granted for any disease diagnosed after service when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Turing to the evidence of record, the Veteran’s military personnel records reflect that the Veteran served in Korea from June 1960 to June 1961. 

A review of the service treatment records (STRs) reflects that there are no complaints, treatment, or diagnosis in relation to an injury due to cold weather conditions. Upon separation from service, an examination of the Veteran’s upper and lower extremities was normal. 

The Veteran was afforded a VA medical examination for disability evaluation in December 1962. The examiner noted that the Veteran reported numbness of his left leg from the mid-calf down. The examiner noted that the Veteran had parasthesia of the right leg, probably postural. The examiner noted in the radiographic report that AP and lateral views of the left lower leg were negative. 

The VA request for information document dated January 1963 reflects that there was a request for medical records pertaining to the frostbite from the winter of 1960. The Service Department noted that available requested records were forwarded and that there were no additional medical records found.

During the October 2017 Board hearing, the Veteran testified that during the Korea Demilitarized Zone winter patrol, he walked 12 hours in 17 degrees below 0 weather. The Veteran testified that after returning to his barracks, his body began to thaw out and he started to feel a stinging sensation. He further testified that he saw a medic who gave him salve to put on his arms. However, this visit is not of record in his file. The Veteran also testified that after his separation from service, he sought treatment about seven years ago from a physician. The Veteran’s representative stated that the VA recorded the Veteran’s visit with this physician and noted that the physician wrote an excerpt that stated that more cold injuries were related to the Veteran’s service in Korea.

The Veteran’s October 2017 private treatment opinion from MIXA Ortho reflects that the Veteran sought treatment for right shoulder and right knee pain. This clinician noted the Veteran’s history of his present illness and reported that while the Veteran was in Korea, he was exposed to extreme cold conditions and as a result had multi joint involvement. The examiner noted that the Veteran has had bilateral hip and knee replacements which is highly unusual even for routine arthritis and that he would consider this a service-connected disability. The clinician noted that the Veteran has chronic right shoulder bursitis in which the examiner has treated in the past and left shoulder bursitis but that there has been no treatment of this. The examiner opined that he would consider the right shoulder arthritis and the bilateral knee arthritis with arthritic changes related to his service in Korea due to extreme cold weather exposure. 

The Veteran was afforded a VA examination in February 2019. The examiner noted that the Veteran does not have or has not been diagnosed with any cold injuries. The examiner noted the Veteran’s medical history. The examiner noted that the Veteran was exposed to cold weather in Korea. The examiner further noted that there is no medical documentation of cold injury. The examiner noted that the Veteran has bilateral shoulder pain and had been diagnosed with bilateral rotator cuff tear and degenerative arthritis in January 2016. The examiner also noted that the Veteran has bilateral knee joint osteoarthritis. The examiner opined that the Veteran’s current bilateral arm and shoulder condition was less likely than not incurred in or caused by service to include his exposure to cold weather. The examiner explained that the STRs are silent for arm and shoulder injury and that the degenerative joint disease of his elbows and shoulders is not documented until 55 years post service. The examiner further explained that medical literature does not support a causal association between cold weather exposure and degenerative joint disease of the elbows and shoulders 55 years later. 

The examiner further opined that the Veteran’s bilateral knee disability is not due to service to include cold weather exposure. The examiner stated that the disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The examiner noted that the STRs are silent for knee injury. The examiner further noted that the degenerative joint disease in the knees is not documented until 50 years post service. The examiner stated that medical literature does not support a causal association between cold weather exposure and bilateral knee degenerative joint disease 50 years later. The examiner also stated that the October 2017 MIXA Ortha opinion that reflects that the bilateral knee disability is service connected is not supported by medical documentation. 

In response to the March 2019 RAMP rating decision, the Veteran submitted a statement from his representative dated September 2019. The representative noted that the rating decision denied the Veteran’s claim for entitlement to service connection for his conditions due to cold whether exposure based on the February 2019 VA examination. The representative further noted that the VA examination stated that the available medical literature does not support a causal association between cold weather exposure and the Veteran’s current orthopedic conditions such as degenerative joint disease of the bilateral elbows, shoulders, and knees. The representative argued that to the contrary, and as specified in VA’s M21-1, II.iv.4.G.4.c. manual, veterans with a history of cold injury may experience an increased risk of developing conditions such as arthritis or other bone abnormalities, such as osteoporosis, or subarticular punched-out lesions. 

The representative further noted that the February 2019 VA examiner confirmed that the Veteran has bilateral knee joint osteoarthritis and bilateral shoulder pain and that the March 2019 decision stated that the Veteran’s degenerative joint disease is not documented until 55 years post service, and that the available medical literature does not support a causal association between cold weather exposure and the development of degenerative joint disease 55 years later. The representative argues that to the contrary, and as specified in the VA’s M21-1, II.iv.4.G.4.b. manual, “‘[t]he fact that the immediate effects of cold injury may have been characterized as ‘acute’ or ‘healed’ does not preclude development of disability at the original site of injury many years later.”

The representative further noted the Veteran’s dates of service in Korea and the Veteran’s lay statement received by VA in May 2015 regarding his assertions of him being exposed to cold weather in Korea. The representative stated that the Veteran filed a claim for entitlement to service connection for his left leg condition due to frostbite in November 1962, less than a year after the Veteran’s discharge from service. The attorney argues that this supports the Veteran’s claims that he was exposed to cold weather in Korea.

1. Entitlement to service connection for bilateral arm disability is denied.

The Veteran contends that he is entitled to service connection for his bilateral arm disability due to cold weather exposure. The Board finds that the Veteran is not entitled to service connection for his bilateral arm disability.

The current disability element is met in this case. As discussed above, the February 2019 VA examination reflects that the Veteran has bilateral rotator cuff tear and bilateral degenerative arthritis. However, the in-service element and the nexus element are not met in this case. Regarding these elements, the STRs and the February 2019 VA examination are the most probative evidence of record. The VA examination opinion is supported by compelling rationale. As noted above, the STRs do not reflect complaints, treatment, or diagnosis in relation to an injury due to cold weather conditions. In fact, upon separation from service, an examination of the Veteran’s upper extremities was normal. 

Furthermore, as the bilateral degenerative arthritis did not manifest itself to a degree of 10 percent or more within one year from the date of separation from service nor was it noted in service, the chronic disease presumption, to include arthritis is not applicable. 

The Board acknowledges the Veteran’s statements regarding his in-service frostbites; however, they are afforded very little probative weight as the STRs do not reflect this injury. The Veteran’s awards and decorations do not reflect that he engaged in combat with the enemy. Nor is there other evidence to establish engagement in combat with the enemy. Thus, the combat provisions of 38 U.S.C. § 1154(b) are not applicable in this case. 

As the evidence indicates, the Veteran did not develop a bilateral arm disability until many years post service. The STRs are silent for any cold weather injury or any upper extremity symptoms or complaints. Those records document numerous other complaints so it follows that if he was seen for cold weather injuries or upper extremity symptoms it would be documented. The Board finds the STRs more probative than the Veteran’s statements as to any symptoms present during service. The Board has not ignored the argument concerning the VBA M21-1 but finds the VA medical opinion specific to this Veteran to be more probative than a generic manual. As such, the appeal must be denied. There is no reasonable doubt to be resolved in this case.

2. Entitlement to service connection for right leg and left leg disability is denied.

The Veteran contends that he is entitled to service connection for his right leg and left leg disabilities due to cold weather exposure. The Board finds that the Veteran is not entitled to service connection for his bilateral leg disabilities. 

The current disability element is met in this case. The February 2019 VA examiner noted that the Veteran has bilateral knee joint osteoarthritis.

The in-service element and the nexus element are not met in this case. Regarding these elements, the STRs and the February 2019 VA examination are the most probative evidence of record. The VA examination opinion is supported by compelling rationale. As noted above, the STRs do not reflect complaints, treatment, or diagnosis in relation to an injury due to cold weather conditions. In fact, upon separation from service, an examination of the Veteran’s lower extremities was normal. 

The Veteran’s bilateral knee osteoarthritis did not manifest itself to a degree of 10 percent or more within one year from the date of separation from service nor was it noted in service. As such, the chronic disease presumption, to include arthritis is not applicable. 

The Board has considered the Veteran’s October 2017 private treatment opinion from MIXA Ortho; however, the examiner did not provide an adequate supporting rationale. This examiner noted that bilateral hip and knee replacements are highly unusual for arthritis. However, this does not explain whether the Veteran’s claimed in-service injury caused his bilateral knee osteoarthritis. Therefore, this opinion is afforded very little probative weight. 

Furthermore, the Board acknowledges the Veteran’s statement from his representative dated September 2019. However, this is also afforded very little probative weight. The objective evidence of record does not reflect that the Veteran received treatment for frostbite in service. Although the Veteran sought treatment for his legs post service in 1962, the evidence of record reflects that the Veteran did not receive treatment again until nearly 55 years later. Additionally, the Veteran was not diagnosed with bilateral knee ostearthritis until nearly 55 years post service. See Maxson v. West, 12 Vet. App. 453 (1999), aff’d, 230 F.3d 1330 (Fed. Cir. 2000) (a significant lapse in time between service and post-service medical treatment may be considered as part of the analysis of a service connection claim, which weighs against the claim). The Board has not ignored the argument concerning the VBA M21-1 but finds the VA medical opinion specific to this Veteran to be more probative than a generic manual. 

The Board also acknowledges the Veteran’s lay statements regarding his symptoms. Although the Veteran is competent to observe a stinging sensation, the Veteran does not have the requisite medical training to determine the stinging sensation demonstrated a bilateral leg disability related to service, nor is such capable of lay diagnosis. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue).

In summation, the preponderance of evidence is against a finding that the Veteran’s current right leg and left leg disabilities incurred in service and are related to such service. Service connection for right leg and left leg disabilities must therefore be denied; there is no reasonable doubt to be resolved in this case. 

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Williams, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.