﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190531-77529
DATE: August 31, 2020

ORDER

Readjudication of the claim of service connection for migraine headaches is warranted; to that extent only, the appeal is granted.

REMANDED

Entitlement to service connection for migraine headaches is remanded.

FINDING OF FACT

New evidence received since the final December 2011 rating decision is relevant to the issue of entitlement to service connection for migraine headaches.

CONCLUSION OF LAW

The criteria for readjudicating the claim of service connection for migraine headaches have been met. 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with Department of Veterans Affairs (VA) decisions on their claim to seek review. This decision has been written consistent with the new AMA framework as the Veteran filed a VA Form 10182 Notice of Disagreement in response to a Statement of the Case issued after the implementation of the new law went into effect. 

The Veteran served on active duty for training (ACDUTRA) from September 1990 to January 1991 with additional periods of ACDUTRA and inactive duty for training (INACDUTRA). 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2018 rating decision by a VA Regional Office (RO), which denied the Veteran’s application to readjudicate her claim of service connection for migraine headaches. A Notice of Disagreement under the legacy framework was received in December 2019. VA published a statement of the case (SOC) in May 2019 to which the Veteran responded with an AMA Notice of Disagreement in May 2019. A clarification letter was sent to the Veteran in August 2019 to better understand what issues she sought to be appealed. The Veteran clarified her wishes in a new AMA Notice of Disagreement in August 2019. As the Veteran chose the Direct Review Board Review Option in the August 2019 Notice of Disagreement, the Board will consider only the evidence of record at the time of the July 2018 rating decision. See 38 C.F.R. § 20.202. 

Evidence was added to the claims file following the July 2018 rating decision; namely, a lay statement from the Veteran’s daughter in support of the migraine headaches claim. As the Board is readjudicating and remanding the claim of entitlement to service connection for migraine headaches for further development, this additional evidence will be considered by the RO in the adjudication of the merits of the claim.

1. Whether new and relevant evidence has been submitted to readjudicate the claim of service connection for migraines headaches.

The Veteran contends that she submitted evidence with her petition to readjudicate her claim for service connection for migraine headaches that is new and relevant, and warrants readjudication of the issue on appeal. 

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1)).

The Veteran first filed her service connection claim for migraine headaches in July 2010. She was denied service connection for migraines in a December 2011 rating decision. The RO determined that the evidence submitted failed to support a finding that the condition occurred in or was caused by service. The evidence of record at the time of the December 2011 rating decision included the Veteran’s service treatment records (STRs), VA and private treatment records, service personnel records, and lay statements. In the December 2011 rating decision, the RO noted that the Veteran’s records were negative for any complaint, diagnosis, or treatment for migraines. Based on this evidence, the claim was denied. 

The Veteran was notified of the December 2011 rating decision and of her appellate rights, but she did not submit a Notice of Disagreement within a year of the December 2011 rating decision. In general, rating decisions that are not timely appealed are final. See 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. There was also no new and material evidence received within one year of the issuance of the decision. Therefore, the December 2011 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b), 20.200, 20.201, 20.302, 20.1103. 

In June 2018, the Veteran filed to reopen the previously denied claim of service connection for migraine headaches. The Veteran submitted new evidence in support of her claim in the form of VA treatment records and lay statements from the Veteran. Included in these treatment records is a diagnosis of migraine headaches as well as statements by the Veteran as to having the migraines for years prior to the official diagnosis. The formal diagnosis of migraine headaches is evidence that tends to prove a matter in issue, specifically the requirement the Veteran have the current disability being sought for service connection. As such, the new evidence is relevant, and the Board finds readjudication of the claim of service connection for migraine headaches is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for migraine headaches is remanded.

The Veteran asserts she is entitled to service connection for migraine headaches.

Under AMA, remands are limited to pre-decisional duty to assist errors and “correction of any error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant’s claim.” 38 C.F.R. § 20.802(a).

As detailed above, the Veteran served on ACDUTRA from September 1990 to January 1991 with multiple subsequent periods of ACDUTRA and INACDUTRA. Notably, a June 1995 Report of Medical History documented the Veteran’s report of frequent headaches. Private treatment records dated in March 2010 document the Veteran’s report of headaches. These notations pre-date several periods of her ACDUTRA service. To this end, service connection may be granted for disability resulting from either disease or injury incurred or aggravated during active duty for training ACDUTRA. With respect to time periods of INACDUTRA, service connection may only be granted for disability due to injury (and not disease) so incurred or aggravated. 38 U.S.C. §§ 101(24), 106, 1110, 1131.

Generally, the regulations concerning presumptive service connection, the presumption of soundness, and the presumption of aggravation are inapplicable to claims based upon ACDUTRA or INACDUTRA service. See Smith v. Shinseki, 24 Vet. App. 40 (2010); but see Hill v. McDonald, 28 Vet. App. 243, 250 (2016) (“once a claimant has achieved veteran status for a single disability incurred or aggravated during a period of ACDUTRA, veteran status applies to all disabilities claimed to have been incurred or aggravated during that period of ACDUTRA”).

If a claimant was not examined on entrance into active service, the presumption of soundness does not attach. See Smith v. Shinseki, 24 Vet. App. 40, 45 (2010); Crowe v. Brown, 7 Vet. App. 238, 245 (1994).

The law provides that a pre-existing disease or injury will be considered to have been aggravated by military service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(a).

Aggravation may not be conceded where the disability underwent no increase in severity during service based on all the evidence of record pertaining to the manifestations of the disability prior to, during, and after service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(b). Further, temporary or intermittent flare-ups of a pre-existing injury or disease are not sufficient to be considered “aggravation in service” unless the underlying condition, as contrasted with symptoms, has worsened. See Davis v. Principi, 276 F.3d. 1341, 1346-46 (Fed. Cir. 2002) (“[E]vidence of temporary flare-ups symptomatic of an underlying preexisting condition, alone, is not sufficient for a non-combat veteran to show increased disability under 38 U.S.C. § 1153 unless the underlying condition is worsened”); Maxson v. West, 12 Vet. App. 453, 458 (1999) (citing Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991)), aff’d 230 F.3d 1330 (Fed. Cir. 2000).

The Veteran was never afforded a VA medical opinion as to the etiology of her diagnosed migraine headaches. The AOJ’s failure to provide the Veteran with such a VA opinion represents a pre-decisional error in the duty to assist that must be corrected upon remand. The VA examiner should address whether the Veteran’s migraine headaches were incurred in or aggravated during her ACDUTRA service.

The matters are REMANDED for the following action:

1. Obtain a VA medical opinion from an appropriate clinician to determine the nature and etiology of the Veteran’s migraine headaches. The examiner is requested to review the relevant evidence of record, to include the service treatment records and VA and private treatment records. The examiner should then provide an opinion as to the following:

Is it at least as likely as not that the currently diagnosed migraine headache disability (a) had its inception during a period of ACDUTRA, (b) is the result of a disease or injury which occurred during a period of ACDUTRA, and (c) is the result of aggravation of a preexisting migraine headache disability during a period of ACDUTRA? 

The clinician’s attention is invited to service treatment records where the Veteran documents suffering frequent or severe headaches as well as dizziness or fainting spells.

In answering these questions, the examiner should address the appellant’s assertions of worsening symptomatology. The medical reasons for accepting or rejecting the appellant’s statements regarding continuity since service should be set forth in detail.

Should the clinician decide that a physical examination of the Veteran is required to provide the requested opinions, such should be scheduled.

All opinions provided must be thoroughly explained, and a complete and detailed rationale for any conclusions reached should be provided (a bare conclusory statement will be deemed inadequate). The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. 

It is not sufficient to base an opinion on a mere lack of documentation of complaints in the service or post-service treatment records. 

2. After completing the requested actions, and any additional development deemed warranted, readjudicate the claims in light of all pertinent evidence and legal authority.

 

 

Katherine Kiemle Buckley

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Lee Feldman, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.