﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200128-64578
DATE: March 31, 2021

ORDER

Service connection for bilateral hearing loss is denied.

FINDING OF FACT

The Veteran’s bilateral hearing loss is not shown to have been present in service, to manifest within one year after discharge from service, or etiologically related to the Veteran’s active service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. § 1101(West 2012); 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1970 to February 1974. 

The rating decision on appeal was issued in January 2020 under the Appeals Modernization Act (AMA) review system. In January 2020, the Veteran timely appealed this rating decision to the Board and selected the Hearing option for this claim. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant or his or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In December 2020, the Veteran testified at a videoconference Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record.

Service Connection

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a link between the claimed in-service disease or injury and the present disability. Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013). Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304. Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303 (d).

Sensorineural hearing loss and tinnitus are conditions that are considered chronic, and therefore, will be presumed to have been incurred in service if it manifested to a compensable degree (meaning to at least 10 percent disabling) within one year after discharge from service. See 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a); Fountain v. McDonald, 27 Vet. App. 258, 264, 271 (2015) (specifying that sensorineural hearing loss and tinnitus are considered organic diseases of the nervous system subject to § 3.309(a)). This presumption, however, is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater, or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, 4000 Hertz are 26 decibels or greater, or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Also, the threshold for normal hearing is between 0 and 20 decibels, and higher threshold shows some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

The absence of evidence of a hearing disability during service (i.e., one meeting the requirements of 38 C.F.R. § 3.385 above) is not always fatal to a service connection claim. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Service connection for hearing loss may be granted where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service (as opposed to intercurrent causes). Hensley, 5 Vet. App. 155, 159.

Under the AMA, the Board is bound by favorable findings by the AOJ in the absence of evidence of clear and unmistakable error. 38 C.F.R. § 3.104 (c).

Bilateral Hearing Loss

In the instant case, the Veteran seeks service connection for bilateral hearing loss. See September 2019 VA 21-526EZ. The Veteran contends that his bilateral hearing loss is a result of his military occupational specialty (MOS) as an engine mechanic while in the US Navy. During which, he contends he operated and maintained diesel engines and all associated pumps and equipment that powered their vessel. The Veteran contends that the noise from the diesel engines, generators, and pumps caused his hearing to deteriorate. See September 2019 Statement in Support of Claim.

At the onset, the Board notes that the RO made favorable findings that the Veteran has a current diagnosis of bilateral hearing loss under VA regulations. See December 2019 VA examination report. As such, the first element of service connection, a current diagnosis, is met.

With respect to the second element of service connection, an in-service incurrence or aggravation of a disease or injury, the Board notes that the RO made a favorable finding that the Veteran’s MOS as an engine mechanic has a high probability of noise exposure. As such, the second element of service connection is met.

Thus, the question for the Board is whether the Veteran’s bilateral hearing loss began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a diagnosis of bilateral hearing loss, the preponderance of the evidence is against finding that his bilateral hearing loss began during active service, or is otherwise related to an in-service injury, event, or disease.

The Veteran’s service treatment records are silent for any diagnoses of, complaints of, or treatment for hearing loss. 

In a December 2019 VA examination report for hearing loss and tinnitus, the VA examiner opined that the Veteran’s bilateral hearing loss is less likely than not caused by or a result of the Veteran’s active service. The VA examiner considered the Veteran’s MOS as an engine mechanic which has a high probability of noise exposure. The VA examiner noted that the Veteran reported that he had noise exposure as a diesel mechanic serving in the motor room aboard the ship, without hearing protection. However, the VA examiner noted that while noise exposure is conceded due to the Veteran’s MOS, as hearing acuity was documented to be normal at entrance and separation, with no significant shift in hearing acuity occurring during service, it would be less than likely hearing loss is related to his in-service noise exposure.

The VA examiner explained that additional noise exposure, aging, and health conditions occurring outside the Veteran’s service cannot be ruled out as possible contributing factors. The Veteran reported occupational noise exposure working at Trail King manufacturing and in maintenance, with hearing protection used. The Veteran also reported recreational noise from hunting and trap shooting, with hearing protection used. 

During the December 2020 Board hearing, the Veteran testified that he was exposed to the noise of diesel engines running during his service. The Veteran testified that during his service he did not notice a change in his hearing. He also testified that he did not have an exit examination for hearing. Although he also testified that if he did, it does not know where and when. The Veteran also noted that right after his separation from service he did not notice any hearing loss. The Board notes that there was a hearing examination as part of the Veteran’s separation examination report, which revealed normal hearing at separation. 

During the December 2020 Board hearing, the Veteran’s spouse testified the Veteran always turned up the car stereo; but she was not sure at what point after his separation of service she noticed his hearing loss. 

The Veteran submitted a hearing test, dated in September 2008 from his former employer, Graphic Packaging, the Board notes that although this hearing test reflects the Veteran has hearing loss, the report does not provide any evidence that the Veteran’s hearing loss is related to his service. Indeed, this is 34 years after separation from service, and does not connect the hearing loss to service. Given that the element of a current disability has already been satisfied, the Board finds that this report provides no probative value with respect to the issue of whether the Veteran’s hearing loss is related to his service.

The Veteran also submitted hearing tests from his former employer,Trail King. Upon review of the hearing test, dated August 22, 1994, the Board notes that this test does not reflect acuity levels that would reflect hearing loss under VA regulations. Specifically, the Board notes that there are no auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, 4000 Hertz that are 40 decibels or greater, or auditory thresholds for at least three of the frequencies at 26 decibels or greater. Thus, this hearing test is not favorable to the Veteran’s claim. Moreover, it is 20 years after the Veteran separated from service.

The other hearing test from Trail King, labeled “Raw Data Dump” while this hearing test reflects the Veteran has hearing loss, the report does not provide any evidence that the Veteran’s hearing loss is related to his service. Given that the element of a current disability has already been satisfied, the Board finds that this report provides no probative value with respect to the issue of whether the Veteran’s hearing loss is related to his service.

The Board finds that the December 2019 VA opinion is entitled to significant probative weight, as this opinion is based on a thorough medical examination and review of the entirety of the record. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Significantly, there is no medical opinion to the contrary. Given such, the Board finds that the evidence does not support a finding that the Veteran’s bilateral hearing loss is related to service. As such, the third element of service connection is not satisfied.

Also, the Board has considered whether presumptive service connection is warranted for chronic diseases, which includes bilateral hearing loss. However, no hearing loss was documented in service. Furthermore, bilateral hearing loss is not noted in service, especially considering that his service treatment records reflect that the Veteran had normal hearing in service, which the December 2019 VA examiner confirmed in his opinion. Thus, continuity of symptomatology is not for application. Furthermore, following his separation from service in 1974, the first treatment records noting complaints of hearing loss were 1994, approximately 20 years later. The Board notes that the record does not contain, nor does the Veteran contend, that hearing loss was manifested within a year of his separation. Given the extensive amount of time after service before the Veteran presented with hearing complaints is significant and the Board finds that it weighs against the Veteran’s claim to establish a claim based on a presumption. See Maxson v. Gober, 230 F.3d 1330 (2000) (finding that a prolonged period without medical complaint, and the amount of time that elapsed since service can be a factor for consideration in rebutting the presumption of service connection).

The Board has considered the Veteran’s assertions that the Veteran’s hearing loss is attributed to service and service connection is warranted. However, the record does not reflect that he had the requisite training or expertise to offer a medical opinion linking a current disability to service decades earlier and he is not competent to provide a nexus opinion in this case. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).

The Board has also considered the Veteran’s spouse’s statements that the Veteran listens to the car stereo very loudly. While the spouse’s statement tends to show hearing loss, this statement is not competent to provide a link between hearing loss and the Veteran’s in-service noise exposure. Similarly, the Board notes that the record does not reflect that the Veteran’s spouse has the requisite training or expertise to offer a medical opinion linking a current disability to service. 

The Board has also considered whether even though there was no hearing loss documented in service, if service connection is warranted under Hensley, 5 Vet. App. 155, 159. The Board acknowledges that the Veteran is not precluded from service connection solely because he was not found to have measurable hearing loss while in service. Rather, the Board is denying the claim based, not only on a lack of hearing loss disability shown in service, but also upon a competent and persuasive medical opinion which demonstrates the current bilateral hearing loss is not related to noise exposure in service. The VA examiner explained that his unfavorable opinion was based on that factor, as well as several others including: the lack of any significant threshold shifts in service, lack of acoustic trauma as shown by contemporaneous in-service audiograms, and the fact that occupational noise exposure was noted following military service.

The Board is grateful to the Veteran for his service, and regrets that it cannot render a favorable decision in this matter.

As the preponderance of the evidence is against the Veteran’s claims, the benefit-of-the-doubt doctrine is not applicable, and his claims must be denied.

 (continued on the next page)

 

 

YVETTE R. WHITE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Abdelbary, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.