NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL GREGG O'CONNELL,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1277

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1720, Judge Coral Wong Pietsch.

---

Decided: June 4, 2024

---

MICHAEL GREGG O'CONNELL, Raynham, MA, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Michael Gregg O'Connell served in the United States Marine Corps from April 1983 to April 1987, spending much of that period at Camp Lejeune. In 2010, Mr. O'Connell applied to the Department of Veterans Affairs (VA) for disability benefits, claiming entitlement based on several conditions, including an inability to have children. Mr. O'Connell alleged that these conditions were connected to his service—specifically, to his exposure to contaminated water at Camp Lejeune.

In a 2012 rating decision, the relevant VA regional office found no service connection for the conditions now at issue, including loss of use of a creative organ and inability to have children. Mr. O'Connell submitted a notice of disagreement with that determination, and the Board of Veterans' Appeals remanded the dispute of this claim to the regional office several times between 2012 and 2020 for further examinations and record development. Eventually, in a March 2022 decision, the Board denied this disputed claim, determining that, although Mr. O'Connell had been exposed to contaminated water at Camp Lejeune, he lacked a diagnosis of infertility and the evidence showed that any such disability, if found, was less likely than not related to contaminated water exposure or any service-connected disability. Supplemental Appendix (SAppx)17–23. The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's decision. *O'Connell v. McDonough*, No. 22-1720, 2023 WL 6210881 (Vet. App. Sept. 25, 2023).

Mr. O'Connell appeals the Veterans Court's decision, presenting three arguments to this court. First, Mr. O'Connell argues that the Veterans Court "failed to recognize the findings of the ATSDR," seemingly referring to the Agency for Toxic Substances and Disease Registry, "and its water modeling of the Camp Le[j]eune toxic chemicals and their effects on humans." Appellant's Informal Br. at 2. Second,

Mr. O'Connell argues that the Board did not give adequate weight to a book that he had cited as evidence to support his claim. Mr. O'Connell alleges that the Board failed to recognize the academic credentials of one of the book's authors and suggests that the author was more qualified than an expert whose opinion the Board credited. Third, Mr. O'Connell argues that the Board erred by failing to mention several specific chemicals that he alleges were present at Camp Lejeune.

The statute defining our jurisdiction declares that, when no constitutional issue is presented, our authority is limited to addressing legal issues decided by the Veterans Court, 38 U.S.C. § 7292(a), and we "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case," § 7292(d)(2). *See* § 7292(a), (c), (d). Under the statute, we lack the authority to address Mr. O'Connell's arguments and hence lack jurisdiction over this appeal.

Mr. O'Connell challenges only the Veterans Court's affirmance of the Board's factual determinations and the Board's application of law to facts, and he neither raises a constitutional issue nor identifies a legal issue decided by the Veterans Court. Appellant's Informal Br. at 1–2 (Mr. O'Connell's statement that the Veterans Court's decision did not "involve the validity or interpretation of a statute or regulation" and did not "decide constitutional issues"). We may not address Mr. O'Connell's challenges to the weighing of evidence. *See Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of this [record] evidence is not within our appellate jurisdiction."). Moreover, there is no apparent decision by the Veterans Court, express or implied, regarding the Agency for Toxic Substances and Disease Registry, much less a decision about a legal issue involving the registry, as Mr. O'Connell did not present an argument to the Veterans Court about the registry. *See* SAppx26–58.

Because we do not have the authority to review Mr. O'Connell's challenges to the Veterans Court's decision, we must dismiss his appeal for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

**DISMISSED**