﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190826-28927
DATE: March 31, 2020

ORDER

Entitlement to service connection for cervical strain (neck disability) is denied.

Entitlement to service connection for lumbosacral strain (low back disability) is denied.

FINDINGS OF FACT

1. A neck disability was not manifested in active service, is not related to a disease or injury or other event in active service, and is not caused by or aggravated by a service-connected disability.

2. A low back disability was not manifested in active service, is not related to a disease or injury or other event in active service, and is not caused by or aggravated by a service-connected disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for a neck disability have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309.

2. The criteria for service connection for a low back disability have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty training from November 1988 to April 1989. He also served the Army National Guard for Texas from October 1988 to March 1992 and from February 1997 to July 1997. He also has unverified service in the Army National Guard and the Reserves.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran submitted a claim for service connection on an incorrect form in March 2019 and subsequently submitted a formal claim for service connection in June 2019. As such, the Veteran’s claims were automatically part of the modernized system. The RO issued a rating decision in August 2019 (the rating decision on appeal) and later that month the Veteran timely appealed it to the Board with a Decision Review Request and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

1. Entitlement to service connection for neck disability

2. Entitlement to service connection for low back disability

The Veteran asserts that he is entitled to service connection for his neck and back disability. Specifically, that his neck grinds and pops because he wore a Kevlar helmet during service. The Veteran claims that wearing a Kevlar helmet and the injury to his foot has caused his low back disability. 

A review of the Veteran’s STRs disclose no complaints, treatment, or finding of a back or neck disability and there is no evidence of treatment for a back or neck disability within one year of discharge from service. Specifically, there is nothing noted on either the October 1988 enlistment examination or the February 1997 reenlistment examination. In fact, in the February 1997 examination the Veteran reported that he did not have any back or neck problems. Moreover, while there is record of a foot disability in service, there is no indication that the Veteran’s low back disability was caused by it during service. 

Post-service treatment records show a current diagnosis of a low back disability, but there is no indication of a neck disability. VA does not have any VA treatment records since he is incarcerated, and thus, only has medical treatment records from the correctional facility. There is evidence that the Veteran has been suffering from low back pain since May 2013. The Veteran reported that the low back pain is greater on the left than the right and that it radiates into the buttocks and posterior thighs. The examiner reported that the Veteran had a palpable spasm. In December 2018, the Veteran reported that due to a nerve in the lower left back he is having trouble sleeping and walking. In January 2019, the examiner reported that the Veteran reported that he has had a chronic low back problem for the past 20 years. His low back pain radiates to the left lower anterior thigh and the pain inhibits ambulation and sleeping. The Veteran told the examiner that the Veteran had seen providers for his foot, but not for his back. 

Although the Veteran contends the two disabilities began in service, the preponderance of the evidence does not support the Veteran’s claims. The Board first finds that there is no evidence of any complaint, treatment, diagnosis, or injury regarding a low back or neck disability. The Veteran never reported pain in his low back or that his neck would grind and pop while he was in service. Therefore, the Board finds that there is no in-service occurrence for either disability. Additionally, while there is a current disability regarding the Veteran’s low back disability, there is no medical evidence corroborating that the Veteran experiences grinding and popping in his neck. As such, the Veteran’s neck disability fails on both the first and second prongs for service connection. 

The Board next finds that to the extent the Veteran links the disabilities at issue to service, he lacks the competency to offer such opinions. Lay persons are competent to provide opinions on some medical issues. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). The specific issues in this case, however, namely the etiology of a disability, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). The Veteran has not shown to have medical expertise or experience in the area of back or neck disabilities. There is no credible evidence of an event, injury or disease associated with those disabilities in service. While there is no evidence of a neck disability, the first indication of a low back disability was in 2013—many years after service. Under those circumstances, it is not reasonable to find that a layperson can link the disorders at issue back to service. His statements as to etiology in this case are not competent and therefore lack probative value. Moreover, his statements lack credibility, as they are inconsistent with the record showing no indication of neck or back pain while in service or for many years following service separation. In light of such, the duty to assist has not been further triggered.

With regard to granting service connection on a direct basis, the Board notes that regulations provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d). Currently, there is no competent medical evidence of record linking the Veteran’s back or neck disability to his military service. The Board acknowledges the private post service treatment records regarding the Veteran’s current back disability; however, the Board notes that there is no supporting medical evidence establishing a nexus between the Veteran’s reports of in-service back disability and his current back disability. See Voerth v. West, 13 Vet. App. 117, 120-1 (1999) (there must be medical evidence on file demonstrating a relationship between the Veteran’s current disability and the claimed continuous symptomatology, unless such a relationship is one as to which a lay person’s observation is competent). Moreover, the earliest medical evidence of record indicating the presence of a back or neck disability is about 16 years after his separation from National Guard Service. The Board notes that, although not a dispositive factor, the passage of time between the Veteran’s discharge and an initial diagnosis for the claimed disorder is one factor that weighs against the Veteran’s claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

Moreover, regarding the claim for a low back disability secondary to the Veteran’s service-connected foot disability, there is no competent evidence linking the two disabilities. 

As the preponderance of the evidence is against the claim, the benefit of the doubt rule does not apply, and the claim for service connection for a low back disability and a neck disability must be denied. See 38 U.S.C. § 5107(b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

R. Erdheim

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Imam, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.